Timothy R. Kurtz, ISB No. 8774
CHAPTER 7 BANKRUPTCY TRUSTEE
P.O. Box 956
Boise, ID 83701
Telephone (208) 287-8125
Facsimile (208) 287-8130

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re:<br><br>Carter, Jonathan Carlyle<br>Rose, Tara Rebecca<br><br>Debtors. | Case No. 24-00228-NGH<br>Chapter 7<br><br>**MOTION FOR APPROVAL OF COMPROMISE** |
|---|---|

**Notice of Motion to Approve Compromise and
Opportunity to Object and for a Hearing**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **twenty one (21)** days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

Pursuant to Fed. R. Bankr. P. 2002(a)(3) and 9019, Trustee Timothy R. Kurtz ("Trustee") moves this Court for approval of a compromise with Debtors Jonathan Carter and Tara Rose ("Debtors") and Bradie Rose Carter, regarding certain fraudulent transfers made by the Debtors to their daughter, Bradie Rose Carter, prior to filing bankruptcy, including a transfer and/or gift of a 1959 Oldsmobile and a horse trailer ("Transfers"). Debtors disclosed these transfers on their bankruptcy petition and schedules. Trustee believes that this compromise is in the best interests

MOTION FOR APPROVAL OF COMPROMISE - 1

of the estate to agree to a compromise of these claims in the amount of $15,000.00, which has been paid to the bankruptcy estate ("Estate").

In further support of this compromise, Trustee alleges as follows:

Debtors filed a Petition for relief under Chapter 7 of the Bankruptcy Code on April 29, 2024 (the "Petition Date").  Dkt. No. 1.

Debtors disclosed the Transfers on their bankruptcy schedules, listing a horse trailer, given to their daughter on her 16th birthday as a gift on or around 12/2022, listing the property as being worth $7,000 at the time, and a transfer of a 1959 Oldsmobile vehicle as a gift on or around 11/2023, listing the vehicle as being worth around $30,000 at that time.  Since then, the daughter has been in possession of the trailer and Oldsmobile.

Trustee previously demanded return of the vehicle and trailer from the Debtors and their daughter, asserting that the transfers were fraudulent transfers under Idaho state law and the applicable Bankruptcy Code and recoverable by the Trustee pursuant to 11 U.S.C. § 544.  Debtors responded disputing the Trustee's claims.

Rather than proceed to litigation and trial, the parties have agreed to settle the bankruptcy estate's claims to avoid the transfers. Debtors have agreed to pay $15,000.00 to the estate, and both parties have agreed to waive and release any other claims they have against one another related to the transfers. The settlement funds are being held in the estate's bank account and have been fully paid pending approval of this compromise.   For the reasons stated below, the Trustee believes that this is a fair compromise of the various issues related to these parties.

*MOTION FOR APPROVAL OF COMPROMISE - 2*

**PROPOSED SETTLEMENT**

The Trustee and Debtors and Bradie Rose Carter have agreed to resolve the Trustee's claims for payment of $15,000.00 to the Estate, which Trustee has received and deposited in the Estate's bank account. This resolution and/or compromise is also based on the following terms: (i) Trustee will waive any and all claims against Debtors and Bradie Rose Carter in regard to these Transfers; and (ii) Debtors and Bradie Rose Carter will waive any and all claims against the Estate in regard to these Transfers made.

Subject to Court approval, the Trustee asserts that the proposed settlement is "fair and equitable" and is in the best interests of the Estate and creditors. Said resolution of the dispute, is based upon factors such as the: probability of successfully litigating the claim; difficulty in enforcement of judgments; the complexity, expense, and delay of the litigation; the risk of non-collection; and the paramount interest of creditors. *In re Marples,* 266 B.R. 202, 206, 01.3 I.B.C.R. 116, 118 (Bankr. D. Idaho 2001); *Martin v. Kane (In re A & C Properties),* 784 F. 2d 1377, 1381-83 (9th Cir. 1986).

**PROBABILITY OF SUCCESSFULLY LITIGATING THE CLAIMS**

The Trustee's claims against Bradie Rose Carter are fraudulent transfer claims. In essence, the Trustee must prove that the transfers made were made either with actual intent to hinder, delay or defraud the Debtors' creditors, or were made (a) when the Debtors were insolvent (or became insolvent) and (b) the Debtors did not receive reasonably equivalent value in return for the transfers. See 11 U.S.C. § 548; Idaho Code § 55-913.

Debtors and Bradie Rose Carter assert that the transfers were made as gifts for their daughter and that the transfers were made at times when the Debtors were not insolvent. Debtors assert that there was no actual intent to hinder, delay or defraud the Debtors' creditors. The

*MOTION FOR APPROVAL OF COMPROMISE - 3*

Trustee believes and therefore asserts that he would likely prevail on the reasonably-equivalent value element of this claim for the value of the transfers, however the transfers were made in 2022 and 2023, prior to the bankruptcy being filed, and there may be difficulty in the Trustee showing that the Debtors were insolvent at the specific time of both transfers. Debtors value the transfers at $37,000.00 total, and the Trustee believes he could likely prevail on the claims, but recognizes the risks that the available defenses pose to the claims. The Trustee therefore asserts that this factor weighs in favor of approving the compromise.

## DIFFICULTY OF ENFORCEMENT OF A JUDGMENT

From Trustee's perspective, it does appear it would be difficult to collect a judgment against Bradie Rose Carter, and/or a return of the assets to the estate. Also, the expense of pursuing the claim and collecting on a judgment would outweigh the difference between the claims and the amount the estate would be paid pursuant to this compromise. Trustee would be seeking a return of the trailer and vehicle transferred, however a money judgment would most likely be uncollectible given that Bradie Rose Carter is a young adult living with the Debtors. Accordingly, this factor weighs more in favor of a compromise.

## COMPLEXITY, EXPENSE, AND DELAY OF THE LITIGATION

Trustee has not filed an adversary claim against Bradie Rose Carter; however due to the nature of the defenses made and that are available, if the compromise is not approved, the Trustee anticipates that any litigation and trial would be delayed, as the case is somewhat factually complex and other defenses could be raised that Trustee has not anticipated.

Further, this Compromise would avoid undue expense to the Estate where the claim and the compromise are within $22,000.00, and the value of the trailer and vehicle could be much less if sold at auction. The costs and attorney fees attendant to the litigation would mount and likely

*MOTION FOR APPROVAL OF COMPROMISE - 4*

eclipse the $20,000.00 to $22,000.00 delta between the claims and the proposed compromise, as well as collection of the assets and/or money for the Estate. If the assets are ultimately collected and sold, the auctioneer's fees and costs would also be included in an assessment of expenses.

The Trustee is also pursuing the sale of real property in this case that is anticipated to provide a significant payout for creditors, and approving the compromise would also reduce the delay to the Estate by not necessitating the prosecution of an adversary proceeding. Approving the compromise will allow the Trustee to focus on the remaining sale of assets and work to expedite the overall case for the benefit of creditors. Trustee believes these factors weigh in favor of approving the compromise to obtain the settlement proceeds being offered in compromise of the above-described claims.

## PARAMOUNT INTERESTS OF CREDITORS

By this compromise, the estate will receive $15,000.00 related to the disputed claims, without incurring further litigation costs (including potential appeals). On the other hand, if the claims proceed to trial, the estate may receive a judgment for $37,000 plus the estate would incur additional fees and costs for attorneys and expert fees and any subsequent appeals. Receiving $15,000.00 for the disputed claims is justified, in the Trustee's business judgment, by the risks to trial (as outlined above). Approval of this compromise will also allow the Trustee to focus on the remaining assets to liquidate and claims being pursued, while providing the compromised funds for the benefit of creditors in this case. The Trustee believes this factor weighs in favor of approving the compromise.

## CONCLUSION

For the above stated reasons, Trustee asserts that the Motion for Approval of Compromise is a fair and equitable resolution of the matters and is in the best interests of the creditors. Based

*MOTION FOR APPROVAL OF COMPROMISE - 5*

on the foregoing, Trustee respectfully requests the Court enter an order granting the Motion and approving the Compromise.

DATED this 12th day of November, 2025.

By    /s/ Timothy R. Kurtz
Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2025, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing.

Aaron Robert Bell    bell.aaron@dorsey.com, shippy.emma@dorsey.com
Matthew T. Christensen    mtc@johnsonmaylaw.com, mtcecf@gmail.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.com;christensenmr81164@notify.bestcase.com;crb@johnsonmaylaw.com
Amber Nicole Dina    amberdina@givenspursley.com, kad@givenspursley.com;laurar@givenspursley.com
Thomas E Dvorak    ted@givenspursley.com, s274@givenspursley.com;kad@givenspursley.com
Mark A Ellingsen    mellingsen@workwith.com, bmitchell@workwith.com
Patrick John Geile    pgeile@foleyfreeman.com, abennett@foleyfreeman.com;r59345@notify.bestcase.com
Jed W. Manwaring    jwm@elamburke.com, jh@elamburke.com
William McCormick    bill.mccormick@ag.tn.gov
Mark D Perison    mark@markperison.com, emily@markperison.com
Julia Schoffstall    jschoffstall@workwith.com
Tricia Kay Soper    tricia@markperison.com, emily@markperison.com
David M Swartley    bknotice@mccarthyholthus.com, dswartley@ecf.courtdrive.com
US Trustee    ustp.region18.bs.ecf@usdoj.gov
Elijah Martin Watkins    watkins.elijah@dorsey.com, shippy.emma@dorsey.com;sattler.carla@dorsey.com;vanmaren.kimberly@dorsey.com

In addition, the above Motion was served by U.S. First Class mail, postage paid, to all parties listed on the attached Master Mailing List on this same date, and the parties listed below.

See Attached Mailing Matrix

   /s/ Timothy R. Kurtz
Chapter 7 Trustee

*MOTION FOR APPROVAL OF COMPROMISE - 6*